UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

KATARZYNA CICHON

                                        Plaintiff,

                -against-

P.F. CHANG'S CHINA BISTRO, INC., WOK
HOLDINGS INC. AND CENTERBRIDGE
PARTNERS, L.P. AND WESTCHESTER MALL,
LLC

                                        Defendants.
---------------------------------------------------------------x

**CV**

**COMPLAINT**

## <u>COMPLAINT</u>

Plaintiff Katarzyna Cichon (hereafter referred to as "plaintiff"), by counsel, Parker

Hanski LLC, as and for the Complaint in this action against Defendants P.F. Chang's China

Bistro, Inc., Wok Holdings Inc. and Centerbridge Partners, L.P. and Westchester Mall, LLC

(together referred to as "defendants") hereby alleges as follows:

### <u>NATURE OF THE CLAIMS</u>

1.      This lawsuit opposes pervasive, ongoing and inexcusable disability discrimination

by the defendants.  In this action, plaintiff seeks declaratory, injunctive and equitable relief, as

well as monetary damages and attorneys' fees, costs and expenses to redress defendants'

violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et seq.*

and its implementing regulations, the New York State Executive Law (the "Executive Law"), §

296, and the New York State Civil Rights Law, § 40.   Plaintiff also alleges claims for

Negligence.  As explained more fully below, defendants own, lease, lease to, operate and control

a place of public accommodation that violates the above-mentioned laws.  Defendants are

vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

2.      These defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught.  In so doing, defendants made a calculated, but unlawful, decision that disabled customers are not worthy.  The day has come for defendants to accept responsibility.  This action seeks to right that wrong via recompensing plaintiff and making defendants' place of public accommodation fully accessible so that plaintiff can finally enjoy the full and equal opportunity that defendants provide to non-disabled customers.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State laws pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

## PARTIES

5.      At all times relevant to this action, plaintiff Katarzyna Cichon has been and remains currently a resident of Westchester County in the State of New York.

6.      At all times relevant to this action, plaintiff Katarzyna Cichon has been and remains a wheelchair user.  Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

7.      Defendant Westchester Mall, LLC owns the property located at 125 Westchester Avenue, White Plains in Westchester County, New York (hereinafter also referred to as "125 Westchester Avenue, White Plains").

8.      Defendant Westchester Mall, LLC is licensed to and do business in New York State.  Defendants P.F. Chang's China Bistro, Inc., Wok Holdings Inc. and Centerbridge Partners, L.P. are licensed to and do business in New York State.

9.      At all relevant times, defendants P.F. Chang's China Bistro, Inc., Wok Holdings Inc. and Centerbridge Partners, L.P. operate and/or lease property located at 125 Westchester Avenue, White Plains from defendant Westchester Mall, LLC (hereinafter referred to as the "PF Changs - The Westchester").

10.     Upon information and belief, Westchester Mall, LLC and P.F. Chang's China Bistro, Inc., Wok Holdings Inc. and/or Centerbridge Partners, L.P. have a written lease agreement.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.     Each of the defendants are public accommodations as they own, lease, lease to, control or operate a place of public accommodation, the PF Changs - The Westchester premises located at 125 Westchester Avenue, White Plains, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)).

12.     The PF Changs - The Westchester premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), and the Executive

Law (§ 292(9)) as it is a facility operated by a private entity as a retail establishment, and its operations affect commerce.

13.     Numerous architectural barriers exist at defendants' place of public accommodation that prevent and/or restrict access to plaintiff, a person with a disability.

14.     Upon information and belief, 125 Westchester Avenue, White Plains was designed and constructed for first possession after January 26, 1993.

15.     At some time after January 1992, Defendant Westchester Mall, LLC made alterations to the PF Changs - The Westchester premises, and to areas of 125 Westchester Avenue, White Plains related to the PF Changs - The Westchester premises.

16.     At some time after January 1992, defendants altered the primary function areas of the PF Changs - The Westchester premises and 125 Westchester Avenue, White Plains that relate to the PF Changs - The Westchester premises.

17.     Within the past three years of filing this action, plaintiff attempted to and desired to access the PF Changs - The Westchester premises.

18.     The services, features, elements and spaces of defendants' place of public accommodation are not readily accessible to, or usable by plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design ("1991 Standards") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design ("2010 Standards").

19.    Because of defendants' failure not to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards, plaintiff was and has been unable to enjoy equal and complete access to defendants' place of public accommodation.

20.    Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards or the 2010 Standards.

21.    Barriers to access that plaintiff encountered and/or which exist at the defendants' place of public accommodation include, but are not limited to, the barriers identified below:

I.    Defendants fail to provide that the running slopes of the ramps/walkways to the entrance doors are no greater than the maximum permissible slope.  See 1991 Standards §§ 4.1.3(1), 4.3.7, 4.8.1, 4.8.2; and 2010 Standards § 405.2.

II.    Defendants fail to provide that the cross slopes of the ramps/walkways to the entrance doors are no greater than the maximum permissible slope of 2%.  See 1991 Standards § 4.8.6; and 2010 Standards § 405.3.

III.    Defendants have not used the least steep possible slope for the ramps/walkways.  See 1991 Standards § 4.8.2; and 2010 Standards § 405.

IV.    Defendants failed to provide a level landing that is sixty inches in length and of equal width to the ramp at the top and bottom of the ramp.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1), 4.3.7, 4.3.8 and 4.8.4; and 2010 Standards § 405.7.

V.    Defendants fail to provide that the handrails extend at least 12 inches beyond the top and bottom of the ramp/walkway in a parallel and rounded return.  See 1991 Standards §§ 4.8.5(2), 4.8.5(6); and 2010 Standards § 505.10.

VI.    Defendants fail to provide that the outdoor ramp and its approaches are designed so that water will not accumulate on walking surfaces.  See 1991 Standards § 4.8.8; and 2010 Standards § 405.10.

VII.    Defendants fail to provide a stable, firm and non-slip ground surface for the ramp.  See 1991 Standards § 4.5.1; and 2010 Standards § 405.4.

VIII.    Defendants fail to provide level ground surfaces as the surfaces are interrupted by changes in level of greater than ½ inch thereby creating a dangerous condition to plaintiff.  See 1991 Standards §§ 4.3.8, 4.5.2; and 2010 Standards §§ 303.2, 303.3, 303.4.

IX. Defendants fail to provide a level ground surfaces as the floor surface are interrupted by changes in level of greater than ¼ inch and less than ¾ inch above the finished ground without beveling.  See 1991 Standards § 4.5.2, 4.1.6(3), 4.13.8, 4.1.3(7)(a); and 2010 Standards §§ 303.3, 404.2.5, 206.5.1, 206.4.1.

X. Defendants fail to provide a 60-inch level landing of equal width on the ramp/walkway after each 30-inch rise in height.  See 1991 Standards §§ 4.8.2, 4.8.4; and 2010 Standards §§ 405.6, 405.7.3, 405.7.1, 405.7.2.

XI. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the interior non-automatic door entrance.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XII. Defendants fail to provide handrails on both sides of the interior ramp/walkway between the entrance doors.  See 28 C.F.R. §§ 36.302(a), 36.304(e); 1991 Standards §§ 4.1.3(1) and 4.8.5; 2010 Standards §§ 403.6, 405.8, 505, 505.2.

XIII. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the interior non-automatic door exit.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards §§ 206.5.2, 404.2.4.1, 305.3, 404.3.

XIV. Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the interior non-automatic door is free of obstructions.  See 1991 Standards §§ 4.1.3(7), 4.13.6; and 2010 Standards § 206.5.2, 404.2.4.3, 305.3, 404.3.

XV. Defendants' interior doors require more than five pounds of force to open.  See 1991 Standards § 4.1.3(7), 4.13.11; and 2010 Standards §§ 206.5.2, 404.2.9.

XVI. Defendants do not provide an accessible public entrance.  See 28 C.F.R. § 36.304(c); and 1991 Standards §§ 4.1.1(1); 4.1.3(8), 4.32, and 4.14; and 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4.

XVII. Defendants do not provide an accessible route from public transportation stops, accessible parking, public streets or sidewalks to the building entrance that coincides with the general circulation path used by patrons to the public accommodation thereby relegating plaintiff to a "second class citizen" entrance and exit.  See 1991 Standards §§ 4.3.2(1), 4.1.2(1), 4.1.1(1) and 4.14.1; 2010 Standards §§ 206.1, 206.2, 206.3, 206.2.4, 206.4.

XVIII. The property owner defendant failed to provide an accessible entrance to the tenant defendant.  See 1991 Standards § 4.1.3(a)(iii); 2010 Standards § 206.4.5, 404.

XIX. Defendants fail to provide that no changes in level exist on the walkway to the public entrance door.  See 1991 Standards§§ 4.37, 4.13.6, 4.3.8, 4.5.2; and 2010 Standards §§ 305.2, 302, 304.2, 404.2.4.4.

6

XX.   Defendants fail to provide that the service counter is accessible.  See 1991 Standards § 7.2; 2010 Standards §§ 227.3, 227.1, 904.4.

XXI.   Defendants fail to provide that at least one and not less than 5% of seating and standing spaces and/or dining surfaces are accessible and dispersed throughout the premises.  See 1991 Standards §§ 4.1.3(18), 4.32, 5.1; 2010 Standards §§ 226, 226.1, 226.2, 902.1.

XXII.   Defendants fail to provide an accessible route of at least 36 inches of minimum width to all dining areas and seating.  See 1991 Standards §§ 5.3, 4.32.2; 2010 Standards §§ 403, 206.2.5, 902.2.

XXIII.   Defendant's fails to provide an accessible portion of its counter and bar with food service and no accessible tables exist in the same area.  See 28 C.F.R. §36.302; 1991 Standards §§ 4.1.3(18), 5.2, 5.1, 4.2.4, and 4.32; and 2010 Standards §§ 226.1, 902.2, 305, 306, 902.3.

XXIV.   Defendants fail to provide an accessible public toilet room.  See Standards §§ 4.23, 4.18, 4.19, 4.17, 4.24, 4.22, 4.1.6(e) and 4.1.3(11); 2010 Standards §§ 213.1, 213.2, 603.1, 604, 605, 606;

XXV.   Defendants do not provide and display the International Symbol of Accessibility alongside the toilet room door at the latch side between 48 and 60 inches above the finished floor.  See Standards § 4.1.2(7)(d), 4.1.3(16)(a), 4.30, 4.30.6, 4.30.7; 2010 Standards §§ 216.2, 216.3, 216.8, 703.7.2.1, 703

XXVI.   Defendants fail to provide the minimum required maneuvering clearance of level and clear floor space inside the toilet room.  See 1991 Standards §§ 4.16.2, 4.17.3, 4.23.3, 4.22.3; and 2010 Standards §§ 604.3, 604.8.1.1.

XXVII.   Defendants fail to provide that the minimum required floor space free of obstructions and/or fixtures exists inside the toilet room.  See 1991 Standards § 4.16.2, 4.23.3, 4.22.3; and 2010 Standards § 604.3.2.

XXVIII.   Defendants fail to provide the minimum required turning diameter of 60 inches of level and clear space inside the toilet room.  See 1991 Standards § 4.2.3; 4.23.3, 4.22.3; and 2010 Standards §§ 603.2.3, 304.

XXIX.   Defendants fail to provide the minimum maneuvering clearance of level and clear space adjacent to the handle side of the toilet door.  See 1991 Standards §§ 4.22.2, 4.17.5, 4.1.3(7), 4.13.6; and 2010 Standards §§ 404.2.4.1, 305.3, 604.8.1.2.

22.   Upon information and belief, a full inspection of the defendants' place of public accommodation will reveal the existence of other barriers to access.

7

23.      As required by the ADA (remedial civil rights legislation) to properly remedy defendants' discriminatory violations and avoid piecemeal litigation, plaintiff requires a full inspection of the defendants' public accommodation in order to catalogue and cure all of the areas of non-compliance with the ADA.  Notice is therefore given that plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

24.      Defendants have endangered plaintiff's safety and denied plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

25.      Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws.  Nor have defendants made or provided reasonable accommodations or modifications to persons with disabilities.

26.      Defendant Westchester Mall, LLC has failed to ensure that its lessee's place of public accommodation and the elements therein are in compliance with the 1991 Standards or the 2010 Standards including but not limited to ensuring the maintenance of accessible features.

27.      Plaintiff has a realistic, credible and continuing threat of discrimination from the defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within defendants' place of public accommodation continue to exist and deter plaintiff.

28.      Plaintiff frequently travels to the area where defendants' place of public accommodation is located.

29.      Plaintiff intends to patronize the defendants' place of public accommodation several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards.

30.     Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards.

31.     Plaintiff intends to patronize the defendants' place of public accommodation several times a year as "tester" to monitor, ensure, and determine whether defendants' place of public accommodation is fully accessible and compliant with the 1991 Standards or the 2010 Standards – all for the benefit of those similarly situated to plaintiff.

## FIRST CAUSE OF ACTION
### (Violations of the Americans with Disabilities Act)

32.     Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA.  As a direct and proximate result of plaintiff's disability, plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

33.     The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation.  28 C.F.R. 36.201(b).

34.     Under the ADA, both the property owner and lessee are liable to the plaintiff and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement).  28 C.F.R. 36.201(b).

35.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff full and equal opportunity to use their place of public accommodation all because plaintiff is disabled.  Defendants' policies and practices have disparately impacted plaintiff as well.

36.     By failing to comply with the law in effect for decades, defendants have articulated to disabled persons such as the plaintiff that they are not welcome, objectionable and not desired as patrons of their public accommodation.

37.     Defendants have discriminated against the plaintiff by designing and constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. See 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

38.     Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

39.     Upon making alterations to their public accommodation, defendants failed to make their place of public accommodation accessible to plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

40.     Upon making these alterations to the primary function areas, defendants failed to make the paths of travel to the primary function areas accessible to plaintiff, in violation of 28 C.F.R. § 36.403.

41.     Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304.  It would be readily achievable to make defendants' place of public accommodation fully accessible.

42.     By failing to remove the barriers to access where it is readily achievable to do so, defendants have discriminated against plaintiff on the basis of disability in violation of § 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. § 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

43.     In the alternative, defendants have violated the ADA by failing to provide plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

44.     Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

45.     Westchester Mall, LLC's failure to construct and maintain an accessible entrance from the public sidewalk to defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

46.     Defendants have and continue to discriminate against plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

### SECOND CAUSE OF ACTION
**(Violation of New York State Executive Law)**

47.     Plaintiff realleges and incorporates by this reference all allegations set forth in this Complaint as if fully set forth herein.

48.     Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in plaintiff; in particular, the life activities of both walking and body motion range.  Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

49.     Defendants have and continue to subject plaintiff to disparate treatment by denying plaintiff equal opportunity to use their place of public accommodation all because plaintiff is disabled.

50.     Defendants discriminated against plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public

accommodation.  Each of the defendants have aided and abetted others in committing disability discrimination.

51.     Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of Executive Law § 296(2)(c)(iii).

52.     In the alternative, defendants have failed to provide plaintiff with reasonable alternatives to barrier removal as required in violation of Executive Law § 296(2)(c)(iv).

53.     It would be readily achievable to make defendants' place of public accommodation fully accessible.

54.     It would not impose an undue hardship or undue burden on defendants to make their place of public accommodation fully accessible.

55.     As a direct and proximate result of defendants' unlawful discrimination in violation of New York State Executive Law, plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

56.     Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**(Violation of New York State Civil Rights Laws)**

57.     Plaintiff realleges and incorporates by this reference all allegations set in this Complaint as if fully set forth herein.

58.     Defendants discriminated against plaintiff pursuant to New York State Executive Law.

59.     Consequently, plaintiff is entitled to recover the penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every barrier and violation.

60.     Notice of the defendants' violations and this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

## FOURTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

61.     Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

62.     Defendants negligently designed, constructed, operated, repaired and maintained their place of public accommodation located at 125 Westchester Avenue, White Plains in a manner that has rendered their place of public accommodation unsafe to the disabled plaintiff.

63.      At all relevant times, defendants, who hold their property open to the public, have had a duty to patrons such as plaintiff to design, construct, operate, repair, and maintain their place of public accommodation located at 125 Westchester Avenue, White Plains in a reasonably safe condition.

64.     Defendants breached their duty by negligently designing, constructing, operating, repairing and maintaining their place of public accommodation located at 125 Westchester Avenue, White Plains in a manner that has unreasonably endangered the plaintiff's physical safety and caused plaintiff to fear for plaintiff's own safety.

65.     Defendants' failure to design, construct, operate, repair and maintain their place of public accommodation located at 125 Westchester Avenue, White Plains in a manner that is safe to the disabled plaintiff has proximately caused plaintiff emotional distress.

66.     Defendants have had actual and constructive notice that their place of public accommodation located at 125 Westchester Avenue, White Plains is not safe to the disabled.

67.     As a direct result of defendants' negligence, plaintiff has suffered and continues to suffer emotional distress damages in an amount to be determined at trial.

## INJUNCTIVE RELIEF

68.     Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws.  Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

69.     Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

70.     Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA and the Executive Law.

## DECLARATORY RELIEF

71.     Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEYS' FEES, EXPENSES AND COSTS

72.     In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorneys' fees, expenses and costs pursuant to the ADA.  42 U.S.C. §12205; 28 C.F.R. §36.505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

A.      Enter declaratory judgment declaring that defendants' have violated the ADA and its implementing regulations, Executive Law and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

B.      Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law, including but not limited to the violations set forth above;

C.      Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.      Award plaintiff Compensatory damages as a result of defendants' violations of New York State Executive Law;

E.      Award plaintiff monetary damages for each and every barrier and violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

F.      Find that plaintiff is a prevailing party in this litigation and award reasonable attorneys' fees, costs and expenses pursuant to the ADA; and

G.      For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: January 5, 2016
        New York, New York

                                Respectfully submitted,

                                **PARKER HANSKI LLC**


                                By:____/s_____
                                    Glen H. Parker, Esq.
                                    Adam S. Hanski, Esq.
                                    Robert G. Hanski, Esq.
                                    Attorneys for Plaintiff
                                    40 Worth Street, 10th Floor
                                    New York, New York 10013

Telephone: (212) 248-7400
Facsimile: (212) 248-5600
Email:ash@parkerhanski.com
Email:ghp@parkerhanski.com
Email:rgh@parkerhanski.com